UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY LEE HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01394-JPH-TAB |
| | ) | |
| MARC KOONS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Bradley Hines alleges that Connersville Police Officer Mark Koons entered his home without permission, made intimidating remarks, and stole his knife. Officer Koons has moved to dismiss Mr. Hines's complaint as untimely under the applicable statute of limitations. Dkt. [28]. For the reasons that follow, Officer Koons's motion is **DENIED**.

**I.
Facts and Background**

Because Defendant has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Mr. Hines alleges that, in 2019, Officer Koons entered Mr. Hines's home without permission or a warrant. Dkt. 17 at 1. Officer Koons took Mr. Hines's blue lock-blade knife and made comments meant to harass and intimidate him. *Id.* Officer Koons also warned Mr. Hines that if he caused any more trouble, Officer Koons would "be back to take care of" him. *Id.* Officer Koons then left with Mr. Hines's knife. *Id.*

1

On October 25, 2021, Magistrate Judge Baker held a status conference to clarify Mr. Hines's factual allegations. *See* dkt. 22. At the status conference, Mr. Hines explained "that he is alleging Fourth and Fourteenth Amendment claims, [and] state law claims of intimidation, harassment, and theft . . . in connection with an incident that occurred in the summer of 2018 in which [Officer Koons]" illegally entered Mr. Hines's home and stole his knife. *Id.* Magistrate Baker summarized Mr. Hines's in-court representations in a written order, in which he also gave Mr. Hines two weeks to file a statement explaining if and how any of his factual allegations were misstated. *Id.* Mr. Hines did not make a subsequent filing.

After the close of the two-week period, Officer Koons filed a motion to dismiss arguing that Mr. Hines's lawsuit was barred by the applicable statute of limitations. Dkt. 28.

## II.
## Applicable Law

A defendant may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.*

### III.
### Analysis

Officer Koons argues that Mr. Hines's complaint should be dismissed because it was filed after the applicable two-year statute of limitations for tort actions in Indiana. Dkt. 29 at 2 (citing Ind. Code § 34-11-2-4). In support, Officer Koons cites Mr. Hines's statement at the October 25, 2021, status conference that Officer Koons's alleged illegal conduct occurred in 2018. *Id.* at 1–2 (citing dkt. 22). Officer Koons argues that Mr. Hines's statements at the status conference were binding "judicial admissions" that make Mr. Hines's complaint untimely. Dkt. 31. Mr. Hines responds that "it was in 2019 when Mark Koons" committed the acts underlying his complaint. Dkt. 30 at 2.

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). If "there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Id.* Mr. Hines alleged in his initial complaint, dkt. 1, and his amended complaint, dkt. 17, that the incident with

Officer Koons occurred in 2019. Thus, there is a "conceivable set of facts, consistent with [Mr. Hines's] complaint, that would defeat a statute of limitations defense." *Sidney Hillman Health Ctr.*, 782 F.3d at 928.

Officer Koons argues that Mr. Hines's statements at the October 2021 status conference are judicial admissions. *See* dkts. 29, 31. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). Mr. Hines's initial complaint, dkt. 1 at 2, and his amended complaint, dkt. 17 at 1, allege that Officer Koons unlawfully entered his home in 2019, not 2018.

Mr. Hines's statement that the incident occurred in 2018 was made verbally at a status conference, not in a "pleading." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) ("Pleadings include the complaint, the answer, and any written instruments attached as exhibits."). And there is no indication that the parties stipulated that Mr. Hines's statements were true. *See* dkt. 22; *United States v. Barnes*, 602 F.3d 790, 796 (7th Cir. 2010) ("A stipulation is a contract between two parties to agree that a certain fact is true.").

Furthermore, the record considered as a whole does not demonstrate that Mr. Hines should be bound by the statement he made at the status conference. Although Officer Koons argues that Mr. Hines made "repeated declarations" that the alleged constitutional violation took place in 2018, *see* dkt. 31, the only statement Officer Koons has identified outside of the October

4

status conference is a filing in which Mr. Hines first described the events in his complaint and later stated: "This all started in late 2018." Dkt. 26 at 3. It is not clear what Mr. Hines meant by this comment. But considering his multiple written allegations that the incident with Officer Koons occurred in 2019, dkts. 1, 17, and 30, the Court cannot say that Mr. Hines made a "deliberate, clear and unequivocal" statement at the October status conference that the incident occurred in 2018, rather than just a misstatement. *See* dkt. 31 at 2 (citing *In re Lefkas Gen. Partners*, 153 B.R. 804 (N.D. Ill. 1993)). Thus, the Court declines to find that Mr. Hines made a binding judicial admission that the incident with Officer Koons occured in2018. *Keller* 58 F.3d at 1198 n.8.

Officer Koons's motion to dismiss is **denied**.

## IV.
## Conclusion

Officer Koons's motion to dismiss is **DENIED**.  Dkt. [28].

**SO ORDERED.**

Date: 8/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADLEY LEE HINES
611 W. 29th St.
Connersville, IN 47331

Douglas Alan Hoffman
CARSON LLP
hoffman@carsonllp.com

5